IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

```
DAVID JACKMAN, JR. REVOCABLE    )
TRUST, DAVID JACKMAN, JR.       )
TRUSTEE,                        )
                                )
                Plaintiffs,     )   CIVIL ACTION
                                )
v.                              )   No.  07-1055-MLB
                                )
VALLEY BRONZE OF OREGON, INC.,  )
                                )
                Defendant.      )
                                )
```

**MEMORANDUM AND ORDER**

This case comes before the court on plaintiffs' motion for summary judgment. (Doc. 8). This is an action to recover the balance due on a promissory note. The court has jurisdiction pursuant to 28 U.S.C. § 1332. The motion has been fully briefed and is ripe for decision.[1] (Docs. 9, 12, 13). Plaintiffs' motion is granted for reasons herein.

**I. FACTS**

On December 22, 2204, Christine Jackman, president of Valley Bronze of Oregon, Inc., executed a promissory note. The note states the following:

---

[1] On May 18, 2007, defendant filed a motion for leave to file a surreply and a request for oral argument. (Docs. 14, 15). Plaintiff objects to defendant's filings. (Docs. 16, 17).
  "Surreplies are permitted in rare cases but not without leave of court.  A court will grant leave to file a surreply for rare circumstances as where a movant improperly raises new arguments in a reply." King v. Knoll, 399 F. Supp.2d 1169, 1174 (D. Kan. 2005)(internal citations omitted).  The court finds no rare circumstances present to justify plaintiff's surreply.
  Based on the straightforward issues present in this case, the court finds no reason to set this motion for oral argument. Defendant's motions are denied. (Docs. 14, 15).

> On demand, for the Value received, Valley Bronze of Oregon Inc., an Oregon Corporation promises to pay to:
>
> > David Jackman, Jr. Revocable Trust, David Jackman, Jr. Trustee
>
> Ninety thousand, ($90,000.00) with interest from November 29, 2004, at the rate of Six percent (6 percent) per annum until paid, said interest to be paid semi-annually.

(Doc. 9, exh. A).

On December 26, 2006, plaintiffs' attorney sent a notice of default letter to defendant and demanded that the note be paid immediately.  Defendant did not pay the balance due under the note.

**II.  SUMMARY JUDGMENT STANDARDS**

The rules applicable to the resolution of this case, now at the summary judgment stage, are well-known and are only briefly outlined here.  Federal Rule of Civil Procedure 56(c) directs the entry of summary judgment in favor of a party who "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c). An issue is "genuine" if sufficient evidence exists "so that a rational trier of fact could resolve the issue either way" and "[a]n issue is 'material' if under the substantive law it is essential to the proper disposition of the claim." <u>Adler v. Wal-Mart Stores, Inc.</u>, 144 F.3d 664, 670 (10th Cir. 1998).  When confronted with a fully briefed motion for summary judgment, the court must ultimately determine "whether there is the need for a trial–whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 250 (1986).  If so, the court cannot grant summary

judgment.  <u>Prenalta Corp. v. Colo. Interstate Gas Co.</u>, 944 F.2d 677, 684 (10th Cir. 1991).

### III. ANALYSIS

Plaintiffs move for summary judgment on the basis that defendant is in default.  Defendant asserts that it is not in default since the parties orally agreed that the note would not be due until the resolution of litigation in the United States District Court for the District of Oregon.  (Doc. 12 at 1, exhs. 1, 2).  This oral agreement was allegedly made at the time the note was executed.

The rules of contract construction apply to promissory notes. <u>Blair Const., Inc. v. McBeth</u>, 273 Kan. 679, 691, 44 P.3d 1244, 1252 -53 (2002). "Absent a contract being ambiguous, a court must give effect to the intent of the parties as expressed within the four corners of the instrument." <u>Id.</u>

Regardless of defendant's contentions, the intention of the parties is to be determined from the note where its terms are plain and unambiguous.  <u>Bank of Ok., N.A. v. Fidelity State Bank and Trust Co., Dodge City, Kansas</u>, 623 F. Supp. 479, 486 (D. Kan. 1985)(citing <u>Martin v. Edwards</u>, 219 Kan. 466, 548 P.2d 779 (1976)).  The note at issue is not ambiguous as to its terms.  Defendant must pay the balance of the note and interest on demand.  The court cannot consider the circumstances or contemporaneous agreements if the note is unambiguous on its face.

Since plaintiffs have demanded payment under the note, the court finds that defendant is in default.

### IV. CONCLUSION

Plaintiffs' motion for summary judgment is granted.  (Doc. 8).

The clerk is ordered to enter judgment pursuant to Federal Rule of Civil Procedure 58.

A motion for reconsideration of this order pursuant to this court's Rule 7.3 is not encouraged.  The standards governing motions to reconsider are well established.  A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence.  Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992).  Any such motion shall not exceed five pages and shall strictly comply with the standards enunciated by this court in Comeau v. Rupp.  The response to any motion for reconsideration shall not exceed five pages.  No reply shall be filed.

IT IS SO ORDERED.

Dated this 29th day of May 2007, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE